UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 12-03906 MMM (Ex) | Date | May 31, 2012 |
|---|---|---|---|

| Title | HSBC Bank v. Altonia Lee and Does 1 through 5 |
|---|---|

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**  Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

### I. FACTUAL BACKGROUND

Plaintiff HSBC Bank is a corporation that claims ownership of the real property located at 17007 California Avenue, Bellflower, CA 90706 ("the property").[1] HSBC Bank operates as the trustee for the registered holder of Nomura Home Equity Loan, Inc.[2] HSBC filed this unlawful detainer action in Los Angeles Superior Court against defendants Altonia Lee and Does 1 through 5 on November 21, 2011.[3] Lee is allegedly the former resident of the property.[4] On October 3, 2011, HSBC allegedly became the owner of the premises after purchasing the property at a trustee's sale

---

[1] Notice of Removal ("Removal"), Docket No. 1 (May 4, 2012), Exh. A (Complaint for Unlawful Detainer ("Complaint")), ¶ 2.

[2] *Id.*

[3] Removal at 2.

[4] Complaint, ¶ 5.

held in compliance with California Civil Code § 2924. The title of the premises pursuant to the foreclosure sale has allegedly been duly perfected in the plaintiff's name.[5] HSBC alleges that the defendants have occupied the premises since the foreclosure sale without its consent.[6]

On November 4, 2011, HSBC allegedly served written notice to the defendants to quit and deliver possession of the premises to the plaintiff within 3 days of service if they are a former owner of the premises or within 90 days if they are tenants. Where applicable, HSBC served written notice to renters pursuant to California Code of Civil Procedure §1161c.[7] According to the complaint, though more than three days have elapsed since the service of the Notice to Quit, Lee and the unnamed defendants continue to be in possession of the property without HSBC's permission or consent.[8] HSBC has filed a single cause of action for unlawful detainer, seeking possession of the property as well as damages in the amount of $60 per day (the alleged reasonable daily rental value) for each day from November 8, 2011 until Lee relinquishes the property and the costs in pursuing this action.[9]

Lee filed a notice of removal on May 4, 2012 attempting to invoke the court's jurisdiction based on federal question, diversity of citizenship, and civil rights violations.[10]

## II. DISCUSSION

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

---

[5] *Id.*, ¶ 3.

[6] *Id.*, ¶ 5.

[7] *Id.*, ¶ 6.

[8] *Id.*, ¶ 7.

[9] *Id.*, ¶ 9.

[10] Removal at 1-12.

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)). For the reasons discussed below, the court lacks subject matter jurisdiction and the action is remanded to Los Angeles Superior Court.

### A. Whether the Court Has Diversity Jurisdiction to Hear the Action

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). See also *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010);). Lee claims California citizenship. She alleges that HSBC holds New York citizenship.[11] HSBC operates over 370 of its 465 branches in New York state. Its principal office is in New York City.[12] These facts indicate that New York state is likely HBSC's principal place of business. The state of incorporation of HSBC is unknown. If HSBC is incorporated in California, complete diversity may not be satisfied. Further, the citizenship of Does 1 through 5 is also unknown. Should any of them be citizens of New York, complete diversity will not be satisfied.

Further, 28 U.S.C. § 1441(b) states: "Any . . . action [other than one involving a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See *Apelian v. United States Shoe Corp.*, 664 F.Supp. 1370, 1371 (C.D. Cal. 1987) ("an action can be removed to federal court based on diversity of citizenship only if none of the defendants . . . are citizens of the state in which the federal court is located." See also *Lewis*, 519 U.S. at 68 (in a case filed in state court over which

---

[11] *Id.* at 5.

[12] HBSC Bank. May 2012. HSBC Bank USA, National Association Fact Sheet. *About HSBC*. Available: http://www.us.hsbc.com/1/2/home/about/corporate/facts

"the federal district court [would have diversity jurisdiction] the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,' 28 U.S.C. § 1441(b)"). As a California citizen, Lee may not invoke the court's diversity jurisdiction in this action.

Even if there were complete diversity of citizenship, moreover, Lee would not meet her burden of demonstrating that the amount in controversy exceeds $75,000. "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir. 2007)). It is clear from information in the record that the amount in controversy does not meet the jurisdictional threshold. HSBC seeks damages of $60 per day from November 8, 2011 for as long as Lee remains in possession of the property.[13] HSBC alleges that its damages do not exceed $10,000, and it filed the action as a limited civil case.[14] See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases). Given these allegations that the amount in controversy does not exceed $75,000, the court concludes that the amount in controversy requirement is not met. See *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, *2 (N.D. Cal. Oct. 4, 1999) (stating that in evaluating the amount in controversy, "the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy").

Lee claims that the amount in controversy should be determined by reference to the value of the property, which Lee alleges is greater than $75,000.[15] Lee argues that the "fraudulent bid" at the trustee's sale on October 3, 2011 indicates the property's value, approximately $205,000.[16] In an unlawful detainer action, however, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer action remains the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat. Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit. The amount in controversy is not the assessed value

---

[13] Complaint, ¶ 9.

[14] Notice of Removal ("Removal"), Docket No. 1 (May 4, 2012), Exh. A (Civil Case Cover Sheet), at 1; Complaint at 1.

[15] Removal at 5-6.

[16] *Id.* at 6.

or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages. Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property"). Thus, the amount in controversy requirement is not satisfied. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus*, 980 F.2d at 566–67).

Accordingly, the court finds that there is no basis for exercising diversity jurisdiction over this action.

### B.     Whether the Court Has Federal Question Jurisdiction to Hear the Action

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach,"a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the

parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

There is no federal question apparent on the face of HSBC's complaint, which alleges only an unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, *3 (N.D.Cal., 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") citing *Wescom Credit Union v. Dudley*, 2010 WL 4916578, *2 (C.D.Cal., 2010); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Lee states in her removal that HSBC's complaint violates various federal provisions, including violation of both the Fourth Amendment[17] and the due process clause of the Constitution.[18] These are federal defenses and, as stated, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint . . . ." *Franchise Tax Bd.*, 463 U.S. at 14. Because HSBC's complaint does not present a federal question, the court does not

---

[17] Removal at 6, 8-10.

[18] Removal at 11.

have jurisdiction under 28 U.S.C. § 1331.

### C.	Whether the Court Has Jurisdiction under 28 U.S.C. § 1443 to Hear the Action

Under 28 U.S.C. § 1443, actions commenced in a state court may be removed by the defendant to the district court of the United States for the district wherein it is pending, (1) "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," or (2) "for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." Lee contends that removal is proper under 28 U.S.C. § 1443(1) because her constitutionally guaranteed rights to due process and a fair hearing as well as her Fourth Amendment rights are threatened by the unlawful detainer action.[19] As in *Bonnie Brae Properties, LLC v. Posada,* No. CV 10-9131 PA (PLAx), 2010 WL 4916617 (C.D. Cal. Nov. 29, 2010), the notice of removal "appears to assert that certain adverse rulings in the unlawful detainer action have [or will] violate [ ] defendant's constitutional rights." *Id.* at *1.

This type of unlawful detainer "claim[ ] . . . [is] inadequate to establish a basis for removal under 28 U.S.C. § 1443." *Id.* Here, as in *Bonnie Brae*, "[t]here is no allegation or any other indication that Defendant has properly sought to invoke a law that provides 'for the equal civil rights of citizens of the United States,' or that [she] is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim." *Id.* (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir.2006) ("A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966) ("'First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.' 'Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights,'" quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970))).

Lee's allegations that her constitutional rights are threatened by the case proceeding in state court are insufficient to establish her entitlement to remove. See *US Bank Nat. Ass'n v. Gutierrez Hernandez*, No. SACV 10-01508-CJC (MLGx), 2010 WL 4054451, *2 (C.D. Cal. Oct. 14, 2010) ("Mr. Thornton's bare allegation that the state court unlawful detainer action has deprived him of the 'right to own property without suffering fraudulent foreclosure and eviction,' . . . does not establish a basis for removal. Mr. Thornton has not alleged the violation of any law providing for equal civil rights, nor has he alleged any facts that show that he cannot enforce his civil rights in state court"); *HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D. Cal. Sept. 21,

---

[19] Removal at 6-11.

2010) ("Even if Defendant's claims were based on laws providing for specific civil rights stated in terms of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predicted [on] a state statute or a constitutional provision[;] . . . rather[,] [he] asserts that California state courts 'systematically trample[ ]' litigant's rights in unlawful detainer actions. . . . This is insufficient to allow removal under § 1443," citing *State of Georgia v. Rachel*, 384 U.S. 780, 792-800 (1966); *People of State of California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) ("Bad experiences with the particular court in question will not suffice")). The fact that defendant invokes 28 U.S.C. § 1443 in her notice of removal therefore fails to demonstrate that the federal court has jurisdiction to hear this case.

### III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. Here, Lee has failed to carry this burden. For the reasons stated, the clerk is directed to remand this case to Los Angeles Superior Court forthwith.